UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROCKY HILL, § | | |
| TDCJ No. 1596897, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| V. § | | CIVIL NO. SA-14-CA-1132-XR (PMA) |
| § | | |
| Sergeant FNU KNOX, § | | |
| Warden FNU PARALTA, § | | |
| Sergeant FNU TANNER, § | | |
| Lieutenant FNU TOMME, § | | |
| Officer FNU SIFFORD, and § | | |
| Grievance Investigator FNU SALAS, § | | |
| § | | |
| Defendants. § | | |

**ORDER**

Plaintiff Rocky Hill, currently an inmate at the Texas Department of Criminal Jusitice's John B. Connally Unit in Kenedy, Texas, has filed a civil rights action pursuant to 42 U.S.C. Section 1983 naming as defendants the Warden of the Connally Unit and a number of other officers and employees at that facility, complaining of alleged violations of his rights, and requesting injunctive relief, including the immediate return of his property and his immediate transfer to another TDCJ facility. For the reasons set forth hereinafter, Plaintiff's claims will be dismissed.

**I. Background**

Plaintiff's Section 1983 complaint was accompanied by neither the appropriate filing fee nor an In Forma Pauperis (IFP) application. Likewise, Plaintiff did not submit a certified copy of his TDCJ inmate trust account setting forth the average monthly balance and average monthly deposits in Plaintiff's inmate trust account for the past six months, as required by 28 U.S.C. § 1915(a)(2). The Magistrate Judge's Show Cause Order issued January 8, 2015 (ECF no. 2) directed Plaintiff to

either pay the filing fee or submit a complete IFP application, together with a certified copy of his TDCJ inmate trust account statement for the past six months as required by Section 1915(a)(2). Plaintiff has done neither. The Magistrate Judge's Show Cause Order also identified numerous substantive deficiencies in Plaintiff's original complaint and directed Plaintiff to file an amended complaint alleging specific facts. Despite the Magistrate Judge twice granting Plaintiff extensions of time on the deadline for responding to the Court's Show Cause Order, to date Plaintiff has failed to do so.

## II. Standard for Review Under Sections 1915(e) (2) (B) & 1915A

When Congress enacted the Prison Litigation Reform Act of 1996 ["PLRA"], it specifically amended 28 U.S.C. Section 1915(e)(2)(B)(i) and added new Section 1915A to provide that a complaint filed by a prisoner could be dismissed as frivolous regardless of whether any filing fee or portion thereof had been paid. *Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998). Therefore, Plaintiff's claims herein are subject to review under Section 1915(e) and may be dismissed as frivolous regardless of whether he paid any portion of the filing fee in this cause. *See Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998) (holding the federal district courts are required to dismiss any action brought by a prisoner that is frivolous, malicious, fails to state a cause of action, or seeks monetary damages from a defendant who is immune from such relief); 42 U.S.C. §1997e(c).

In an action filed *in forma pauperis*, a court may raise sua sponte the issue of whether an action is malicious or frivolous under Section 1915(e). *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Harris v. Hegmann,* 198 F.3d 153, 156 (5th Cir. 1999) (holding it appropriate for a district court to *sua sponte* determine whether a claim was barred by limitations); *Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir. 1995). Dismissal of a claim as frivolous under Section 1915(e) is permissible

where the claim lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. at 325; *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013).

A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *Rogers*, 709 F.3d at 407; *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009).

A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Rogers*, 709 F.3d at 407; *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009) (holding dismissal as frivolous appropriate after the plaintiff is given an opportunity to amend or allege additional facts through answers to a post-complaint questionnaire); *Samford*, 562 F.3d at 678.

In an action proceeding under Section 1915(e), a federal court may also consider *sua sponte* affirmative defenses that are apparent from the record even where they have not been addressed or raised in the pleadings on file. *Harris*, 198 F.3d at 156 (recognizing the propriety of a district court's raising the defense of limitations *sua sponte*); *Schultea*, 47 F.3d at 1434 (recognizing the authority of the district court to dismiss an action based on the doctrine of qualified immunity). Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of an answer. *Brewster*, 587 F.3d at 767 ("The district court may dismiss an *in forma pauperis* proceeding 'before service of process or before the filing of the answer' as long as certain safeguards are met."); *Harris*, 198 F.3d at 156; *Schultea*, 47 F.3d at 1434; *Gartrell v. Gaylor*, 981 F.2d 259 (5th Cir. 1993); *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990); *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989).

A case is not frivolous simply because it fails to state a claim. *Neitzke*, 490 U.S. at 331, 109; *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *Gartrell*, 981 F.2d at 259; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). However, if the claim has no arguable basis in law or fact, the complaint can be dismissed under Section 1915(e). *Gartrell*, 981 F.2d at 259; *Parker v. Carpenter*, 978 F.2d 190, 191 n.1 (5th Cir. 1992); *Mayfield v. Collins*, 918 F.2d 560, 561 (5th Cir. 1990). "A complaint is legally frivolous if it is premised on an 'undisputably meritless legal theory.'" *Boyd v. Biggers*, 31 F.3d 279, 281-82 (5th Cir. 1994) (*quoting Neitzke*, 490 U.S. at 327). An IFP complaint that recites bare legal conclusions, with no suggestion of supporting facts, or that postulates facts of an entirely fanciful nature, is a prime candidate for dismissal under Section 1915(e). *Ancar*, 964 F.2d at 468 (complaints that are clearly baseless include those which describe fanciful, fantastic, or delusional scenarios); *Gartrell*, 981 F.2d at 259; *Wesson v. Oglesby*, 910 F.2d 278, 281 (5th Cir. 1990). Furthermore, when it is clear from the face of the complaint that the claims asserted are subject to an obvious meritorious defense, such as a peremptory time bar, dismissal with prejudice is appropriate. *Graves v. Hampton*, 1 F.3d 315, 319-20 (5th Cir. 1993).

### III. Failure to State a Claim for Relief

The pleading standard set forth in Fed. R. Civ. P. 8(a)(2) (which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief") does not require detailed factual allegations but it does demand more than an unadorned, the defendant unlawfully harmed me accusation. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal,* 556 U.S. at 678; *Central States, Se. & Sw. Areas Health & Welfare Fund ex rel. Bunte v. Health Special Risk, Inc.*,

4

756 F.3d 356, 360 (5th Cir. 2014). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678; *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013), *cert. denied*, ___ U.S. ___, 134 S. Ct. 1935, 188 L. Ed. 2d 960 (2014). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly,* 550 U.S. at 555; *Health Special Risk, Inc.*, 756 F.3d at 360. A pleading that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not do. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it renders "naked assertions" devoid of further factual enhancement. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 557.

### IV. Section 1983 Generally

42 U.S.C. Section 1983 does not create any substantive rights, but instead was designed to provide a remedy for violations of federal statutory and constitutional rights. *Sepulvado v. Jindal*, 729 F.3d 413, 420 n.17 (5th Cir. 2013), *cert. denied,* ___ U.S. ___*,* 134 S. Ct. 1789, 188 L. Ed. 2d 771 (2014).

There are two essential elements to a Section 1983 action: (1) the conduct in question must be committed by a person acting under color of state law; and (2) the conduct must deprive the plaintiff of a right secured by the Constitution or the laws of the United States. *Whitley*, 726 F.3d at 638; *Romano v. Greenstein*, 721 F.3d 373, 377 (5th Cir. 2013).

Insofar as Plaintiff complains that the defendants failed to comply with a variety of *state* statutes and code provisions, those complaints cannot support a Section 1983 claim. Absent some showing that the defendants violated Plaintiff's *federal* constitutional rights, complaints about the

violation of state statutes or state agency regulations are insufficient as a matter of law to support a claim for relief under Section 1983. *See Jones v. Lowndes County, Miss.*, 678 F.3d 344, 352 (5th Cir. 2012) ("[A]n alleged violation of a state statute does not give rise to a corresponding § 1983 violation, unless the right encompassed in the state statute is guaranteed under the United States Constitution."); *Black v. Warren*, 134 F.3d 732, 734 (5th Cir. 1998) (holding alleged violations of TDCJ procedural rules regarding notice and the right to call witnesses and present documentary evidence at a disciplinary hearing did not present an arguable basis to support a due process claim). Thus, insofar as plaintiff alleges merely that the defendants failed to comply with state jail rules and regulations, those allegations, standing alone, do not provide an arguable basis for recovery or a finding that plaintiff is entitled to any relief under Section 1983.

A prisoner seeking to recover under Section 1983 must exhaust available administrative remedies before resort to the federal courts. *See Clifford v. Gibbs*, 298 F.3d 328, 330 (5th Cir. 2002).

Finally, mere negligence by a state official does not give rise to Section 1983 liability. *Daniels v. Williams*, 474 U.S. 327, 332-35 (1986). A showing of merely negligent conduct by an official is insufficient to overcome the defense of qualified immunity. *Whitley*, 726 F.3d at 643 ("Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference and thus do not divest the official of qualified immunity."); *Zarnow v. City of Wichita Falls, Texas*, 500 F.3d 401, 410 (5th Cir. 2007) (negligence will not support the denial of qualified immunity).

### V. Complaints of Inadequate Medical Care

The constitutional standard for providing medical care to convicted prisoners was stated in *Estelle v. Gamble*, 429 U.S. 97 (1976). "[D]eliberate indifference to serious medical needs of

prisoners constitutes the unnecessary and wanton infliction of pain, proscribed by the Eighth Amendment." *Estelle*, 429 U.S. at 104; *Gobert v. Caldwell*, 463 F.3d 339, 345 n.13 (5th Cir. 2006). In *Estelle*, the Supreme Court held, in order to state a cognizable claim, a prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106.  "A serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required." *Gobert*, 463 F.3d at 345 n.12.  The Supreme Court's opinion emphasized that it was only the intentional denial or delaying of access to medical care that would support a judgment under §1983. *Estelle*, 429 U.S. at 104-106; *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993) (holding delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference which results in substantial harm); *Walker v. Butler*, 967 F.2d 176, 178 (5th Cir. 1992) (holding "deliberate indifference" is the intentional denial or delay of access to medical care); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991) (holding unsuccessful medical treatment does not give rise to a § 1983 cause of action for deliberate indifference to a serious medical need). "In order to demonstrate deliberate indifference when alleging inadequate medical treatment, a prisoner must show that officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Coleman v. Sweetin*, 745 F.3d 756, 765 (5th Cir. 2014); *Sama v. Hannigan*, 669 F.3d 585, 590 (5th Cir. 2012); *Easter v. Powell*, 467 F.3d 459, 464 (5th Cir. 2006).

Negligent medical care does not constitute a valid Section 1983 claim. *See Sama*, 669 F.3d at 590 ("unsuccessful medical treatment and acts of negligence or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with her medical treatment,

absent exceptional circumstances"); *Gobert*, 463 F.3d at 346 ("Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances."). An incorrect diagnosis by prison medical personnel does not suffice to state a claim of deliberate indifference. *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001); *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). Delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference which results in substantial harm. *Coleman*, 745 F.3d at 765-66; *Easter*, 467 F.3d at 464.

Thus, because the plaintiff was a convicted prisoner at the time of the events giving rise to his claim herein, he must establish that the defendants displayed deliberate indifference to his serious medical needs by intentionally denying or delaying medical care. Plaintiff has failed to allege any specific facts showing any of the named defendants were personally involved in any alleged denial of medical care to him.

### VI. Alleged Denial of Access to Court

"It is clearly established that prisoners have a constitutionally protected right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 824-25 (1977); *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999). This right assures that no person will be denied the opportunity to present to the judiciary allegations concerning violations of fundamental constitutional rights. *Lewis v. Casey*, 518 U.S. 343, 351-52 (1996); *Greninger*, 188 F.3d at 325. "Meaningful access to the courts is a fundamental constitutional right, grounded in the First Amendment right to petition and the Fifth and Fourteenth Amendment due process clauses." *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993); *Chrissy F. v. Miss. Dep't of Public Welfare*, 925 F.2d 844, 851 (5th Cir. 1991). "A mere formal right of access

to the courts does not pass constitutional muster. Courts have required that the access be 'adequate, effective, and meaningful.'" *Crowder v. Sinyard*, 884 F.2d 804, 811 (5th Cir. 1989); *Ryland v. Shapiro*, 708 F.2d 967, 972 (5th Cir. 1983). As a necessary concomitant to this right, the state must furnish indigent inmates with pen and paper to draft legal documents, stamps to mail them, and adequate opportunity to conduct legal research through access to adequate law libraries or access to "persons trained in the law" or other persons who can provide legal assistance. *Bounds*, 430 U.S. at 824-28; *McDonald v. Steward*, 132 F.3d 225, 230 (5th Cir. 1998). However, prison officials have considerable discretion in choosing the mechanism and forms of assistance they will furnish to prisoners for the purpose of allowing prisoners to file non-frivolous legal claims. *Lewis*, 518 U.S. 343, 355-56 (1996); *Greninger*, 132 F.3d at 325-26 (holding limitations on a prisoner's access to the law library to five hours a week did not violate his right of access to the courts).

While the precise contours of a prisoner's right of access to the courts remain somewhat obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court. *Lewis*, 518 U.S. at 350-54; *Greninger*, 188 F.3d at 325 (holding the right of access to the courts encompasses only a prisoner's reasonably adequate opportunity to file non-frivolous legal claims challenging his conviction or the conditions of his confinement).

This constitutional right does not afford prisoners unlimited access to prison law libraries. *See Greninger*, 188 F.3d at 325 (holding a limitation of five hours of law library access each week did not violate the prisoner's right of access to the courts and recognizing the Supreme Court upheld a limitation of eight hours of law library access each month in *Bounds*); *McDonald*, 132 F.3d at 230 (recognizing limitations on law library access may be imposed so long as the regulations are

reasonably related to legitimate penological interests). Furthermore, restrictions on direct access to legal materials may be warranted when prison security is involved. *Eason v. Thaler*, 73 F.3d 1322, 1329 (5th Cir. 1996); *Morrow v. Harwell*, 786 F.2d 619, 622 (5th Cir. 1985). However, arbitrary limitations and restrictions on access to legal materials, without the assistance of persons trained in the law, and without the ability of inmates in administrative segregation to examine legal digests, hornbooks, and other legal materials firsthand is unconstitutional. *See Eason*, 14 F.3d 8, 9-10 (5th Cir. 1994) (holding allegations of a total denial of all access to the prison law library for 25 days following a prison riot stated a constitutional violation); *Pembroke v. Wood County, Texas*, 981 F.2d 225, 229 (5th Cir. 1993) (holding the total denial of all access to the law library for seven months violated the plaintiff's constitutional right of access to the courts); *Green v. Ferrell*, 801 F.2d 765, 772 (5th Cir. 1986) (holding that allowing inmates to select volumes twice each week from a list of books available in the County law library and limiting inmates to no more than two volumes at a time violated the inmates' rights to meaningful access to the courts). Finally, prisoners possess no constitutionally protected right to file frivolous lawsuits. *Johnson v. Rodriguez*, 110 F.3d 299, 310-13 & 316 (5th Cir. 1997).

It is well settled in this Circuit that, absent a showing of prejudice, a plaintiff cannot prevail on a claim that he or she was denied his right of access to the courts. *Lewis*, 518 U.S. at 350-54; *McDonald*, 132 F.3d at 231 (holding prisoner must demonstrate that his position as a litigant was prejudiced by his denial of access to the courts); *Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999) (holding that, while interference with access to a prison account may give rise to a claim, an inmate alleging denial of access to the courts must show actual injury stemming from the defendants' unconstitutional conduct and holding a prisoner whose filing fee was eventually paid could not

satisfy this standard). More simply, to prevail on a denial of access to the courts claim, a Section 1983 plaintiff must establish that he has been prejudiced in connection with some identifiable past, pending, or proposed legal proceeding. *Lewis*, 518 U.S. at 350-54; *McDonald*, 132 F.3d at 231.

Plaintiff has alleged no facts showing he has been prevented from filing any identified legal action in any state or federal court by the actions or omissions of any of the named defendants. In addition to the present lawsuit, during his current incarceration at the TDCJ's Connally Unit, Plaintiff has also filed cause no. SA-15-CA-73-XR, styled *Hill v. Perry, et al.*, in this Court. Plaintiff has failed to allege any specific facts showing any of the defendants have violated Plaintiff's federal constitutional right of access to the courts.

### VII. No Supervisory Liability Under Section 1983

Plaintiff has named as a defendant the Warden of the TDCJ's Connally Unit but has not alleged any specific facts showing this defendant was personally involved in any of the alleged incidents identified in Plaintiff's original complaint. While Plaintiff alleges he wrote letters to Warden Paralta, Plaintiff does not allege any specific facts showing Warden Paralta ever actually received those letters. Nor does Plaintiff allege any specific facts showing Warden Paralta had any personal involvement in any of the grievance proceedings about which Plaintiff complains in his original complaint.

Vicarious liability does not apply to Section 1983 claims. *See Iqbal*, 556 U.S. at 676 (government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior); *Carnaby v. City of Houston*, 636 F.3d 183, 189 (5th Cir. 2011) (under Section 1983, a government official may be held liable solely for his own conduct). Only the direct acts or omissions of government officials, not the acts of subordinates, will give rise

to individual liability under Section 1983. *See Jones v. Lowndes County, Miss.*, 678 F.3d 344, 349 (5th Cir. 2012) ("A Section 1983 claimant must 'establish that the defendant was either personally involved in the deprivation or that his wrongful actions were causally connected to the deprivation.'"); *Zarnow v. City of Wichita Falls, Texas*, 614 F.3d 161, 169 (5th Cir. 2010) ("To support a supervisory liability claim, the misconduct of a subordinate must be conclusively linked to the action or inaction of the supervisor.").

Generally, a supervisor may be held liable only if there exists either (1) his personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation, such as where the supervisor implemented or enforced unconstitutional policies which actually resulted in the plaintiff's injuries. *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011). A supervisor may be held personally liable for inadequate supervision or a failure to train subordinates only where the failure to train or supervise amounts to deliberate indifference and is a proximate cause of a constitutional violation. *See id.* at 446 ("A supervisor may also be liable for failure to supervise or train if: '(1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference.'"); *Brown v. Callahan*, 623 F.3d 249, 254 n.1 (5th Cir. 2010) (supervisor may be held liable under Section 1983 for failure to train or supervise subordinates if (1) the supervisor failed to train or supervise, (2) a causal link exists between the failure and violation of plaintiff's rights, and (3) the failure to train or supervise amounts to deliberate indifference). Merely negligent or incompetent supervision cannot form a basis for liability under Section 1983; the supervisor's actions or inactions must rise to the level of "deliberate indifference." *Id.*

Plaintiff has alleged no specific facts showing Warden Paralta has had any personal involvement in or personal knowledge of any of the matters about which plaintiff complains in this Section 1983 lawsuit.

### VIII. Taking of Property Claims

Insofar as Plaintiff complains that his property was taken from him during his transfer to the Connally Unit and has not yet been returned to him, Plaintiff's allegations do not furnish a basis for relief under Section 1983. Not every deprivation of property, wrongful or otherwise, invokes the Due Process Clause of the Fourteenth Amendment. The negligent act of a person operating under color of state law that results in a deprivation of personal property does not implicate the Due Process Clause. *Daniels v. Williams*, 474 U.S. 327, 330-35 (1986); *McGruder v. Will*, 204 F.3d 220, 222 (5th Cir. 2000); *Simmons v. Poppell*, 837 F.2d 1243, 1244 (5th Cir. 1988). Even the intentional destruction of an inmate's property does not raise a constitutional claim if an adequate post-deprivation remedy exists. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Myers v. Klevenhagen*, 97 F.3d 91, 94-96 (5th Cir. 1996); *Al-Ra'id v. Ingle*, 69 F.3d 28, 32 (5th Cir. 1995); *Cathey v. Guenther*, 47 F.3d 162, 164 (5th Cir. 1995) (holding no cause of action exists under §1983 if a person's property is taken by unauthorized or random conduct of a state actor if the state provides an adequate post-deprivation remedy, for instance, in state tort law); *Nickens v. Melton*, 38 F.3d 183, 184 (5th Cir. 1994) (holding an unauthorized intentional deprivation of property by a state employee does not constitute a violation of procedural due process if a meaningful post-deprivation remedy for the loss is available); *Lewis v. Woods*, 848 F.2d 649, 652 (5th Cir. 1988). A tort cause of action under state law is sufficient to satisfy the requirements of due process where a plaintiff alleges that he has been denied his property sans due process of law by the random or unauthorized negligent or intentional

acts of a state officer. *Sheppard v. State of La. Bd .of Parole*, 873 F.2d 761, 763 (5th Cir. 1989); *Marshall v. Norwood*, 741 F.2d 761, 764 (5th Cir. 1984) (holding the burden is on the complainant to demonstrate that state tort remedies are inadequate to provide relief). In sum, deprivations of property caused by misconduct of state officials do not infringe constitutional due process provided adequate state post-deprivation remedies exist. *McGruder*, 204 F.3d at 222; *Klevenhagen*, 97 F.3d at 94-96; *Al-Ra'id*, 69 F.3d at 32; *Cathey*, 47 F.3d at 164; *Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994). In Texas, the tort of conversion fulfills this requirement.

Nothing in the Texas Tort Claims Act or any other Texas statute forecloses a private tort action by the Plaintiff against the individual or individuals responsible for the allegedly unlawful seizure and retention of Plaintiff's property. In the present case, there are no factual allegations before this Court establishing that the private tort remedies available to Plaintiff in the Texas courts are in any way inadequate to provide Plaintiff with a meaningful post-deprivation remedy for the alleged wrongful taking of his property. For these reasons, Plaintiff's allegations concerning the alleged taking or loss of his property do <u>not</u> provide even a constitutional claim against defendants herein and are legally frivolous.

### IX. Failure to Satisfy the PLRA's Financial Responsibility Provisions

Plaintiff's Section 1983 complaint was not accompanied by a complete IFP application or the appropriate filing fee. The Court directed Plaintiff to file a complete application for leave to proceed IFP. Plaintiff has failed to do so and has failed to furnish this Court with a certified copy of his TDCJ inmate trust account statement, which is readily available to Plaintiff through the law librarian at Plaintiff's TDCJ facility. It is Plaintiff's duty to furnish this Court with all documentation and financial records necessary under Section 1915(a)(2) to permit this Court to

properly calculate Plaintiff's initial partial filing fee under applicable federal law, *i.e.*, as required by Section 1915(b). *See Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997) (recognizing the duty on prisoners to furnish all necessary documentation to qualify for IFP status).

Plaintiff has failed to comply with the financial responsibility provisions of the PLRA, despite receiving two extensions on the deadline for doing so. Therefore, the Court will, alternatively, dismiss this lawsuit for failure to prosecute and failure to comply with the Court's Show Cause Order. "Rule 41(b) authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with a court order." *Coleman v. Sweetin*, 745 F.3d 756, 766 (5th Cir. 2014); *Long v. Simmons*, 77 F.3d 878, 879 (5th Cir. 1996). A Rule 41(b) dismissal is appropriate where there is a clear record of delay or contumacious conduct and when lesser sanctions would not serve the best interest of justice. *Bryson v. United States*, 553 F.3d 402, 403-04 (5th Cir. 2008). Dismissal with prejudice is appropriate where a federal habeas petitioner demonstrates "a clear record of contumacious conduct and delay." *Id.* at 404. In making such a determination, the federal courts may take judicial notice of prior habeas proceedings brought by the petitioner in connection with the same conviction. *Id.* Plaintiff has not demonstrated the type of contumacious conduct or delay justifying dismissal of his claims with prejudice. Nonetheless, Plaintiff has failed to comply with an Order of this Court and has failed to either the filing fee or file an application for leave to proceed IFP. Under such circumstances, this Court will, alternatively, dismiss this cause without prejudice to Plaintiff's right to re-file his civil action provided he either pays the filing fee or establishes he does not possess sufficient financial resources to do so. Plaintiff is admonished that the PLRA's financial responsibility provisions, including 28 U.S.C. Section 1915(a)(2), apply as long as Plaintiff remains a prisoner.

## X. ORDER

Accordingly, it is hereby ORDERED that:

1. The referral of this cause to the Magistrate Judge is WITHDRAWN.

2. Plaintiff's original complaint is DISMISSED WITHOUT PREJUDICE for failure to state a claim, as frivolous under Sections 1915(e)(B)(i) and 1915A(b), for failure to prosecute under Rule 41(b), and for failure to comply with this Court's Show Cause Order.

3. All pending motions are DISMISSED AS MOOT.

4. The Clerk of Court shall send a copy of this Order and the Final Judgment in this case to the Pro Se Staff Attorney, Attn.: Keeper of the "Three Strikes List," U.S. District Court for the Eastern District of Texas for the Tyler Division, 211 West Ferguson, Tyler, Texas 75702, so that this case may be recorded in the "Three-Strikes List."

5. The Clerk of this Court shall transmit a Certified copy of this Order and the Final Judgment in this cause to The TDCJ Office of General Counsel, P.O. Box 13084, Austin, Texas 78711.

It is so ORDERED.

SIGNED this 16th day of March, 2015.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE